Robinson, J.
Before argument, at the request of the state, the court gave to the jury the following charge:
“1. Though you are advised by the court not to convict the defendant upon the uncorroborated testimony of I. M., yet it is not necessary that the crime charged be proven independently of the testimony of said I. M., or that the testimony of I. M. be corroborated in every particular, but it is only necessary that there be circumstantial or direct evidence in addition to the testimony of I. M. tending to connect the defendant with the crime charged and to prove some of the material facts testified to by I. M.”
The legislature, by Section 13675, General Code, has provided the order in which the trial of criminal cases shall proceed:
Paragraph 5. “When the evidence is concluded, either party may request instructions to the jury on the points of law, which shall be given or refused by the court; such instructions shall be reduced to writing-if either party request it;”
Paragraph 6. “When the evidence is concluded, unless the case is submitted without argument, the counsel for the state shall commence, the defendant or his counsel follow, and the counsel for the state conclude the argument to-the jury;”
*356 Paragraph 7. “The court, after the argument is concluded and before proceeding with other business, shall forthwith charge the jury; such charge, or a charge given after the conclusion of the argument, shall be reduced to writing by the court, if either party request it before the argument to the jury is commenced. Such charge or charges, or other charge or instruction provided for in this section, when so written and given, shall not be orally qualified, modified or explained to the jury by the court. Written charges and instructions shall be taken by the jury in their retirement and returned with their verdict into court and remain on file with the papers of the case.”
This provision differs from the provision for procedure in civil cases, Section 11447, General Code, in that that section specifically provides, such “instructions shall be given or refused by the court before the argument to the jury is commenced;” and while Section 13675 is not clear and specific in its provision as to the giving of a charge before argument, yet when the following of paragraph 5 thereof, “When the evidence is concluded, either party may request instructions to the jury on the points of law, which shall.be given or refused by the court,” is considered. in connection with the provision of paragraph 7, “such charge, or a charge give.n after the conclusion of the argument,” the natural inference is that the legislature, by the use of. the words “such charge, or a charge given after the conclusion of the argument,” had in contemplation some other charge than the charge given after the conclusion of the argument; and this is strength *357 ened by the reference in the same paragraph to “such charge or charges, or other charge or instruction provided for in this section.” It is, however, significant that the legislature did not adopt in this section the mandatory language of Section 11447.
While the legislative intent is not clear, this court, in Blackburn v. The State of Ohio, 23 Ohio St., 146, held that the court is not bound to deliver such charge until after the argument. We are inclined, to the end that the uncertainty as to its meaning be settled, to interpret it farther and are of opinion that in the trial of criminal cases the statute authorizes but does not require the giving of a proper charge before argument upon the request of counsel for either party as to the point requested, and so hold.
The second assignment of error is to the wording of the charge. Section 13671, General Code, provides: “In a trial for seduction under promise of marriage, or an indictment of a superintendent, tutor or teacher of a female in a school or other public institution, or instructor of a female in music, dancing, roller-skating, athletic exercises or a branch of learning, of sexual intercourse with her consent while under his instruction, a conviction shall not be had on the testimony of such female unsupported by other evidence to the extent required as to the principal witness in cases of perjury.”
. No statutory provision exists as to the extent the prosecuting witness in cases of perjury shall be supported by other evidence. The presumption then follows that the legislature, in the enactment of the *358 provision that before a conviction can be had in a prosecution under Section 13671 the female witness must be supported to the extent required as to the principal witness in cases of perjury, had in mind and referred to the rule adhered to by the courts of the state as to the prosecuting witness in cases of perjury, which rule is as follows:
“It is a general rule, that to warrant a conviction under an indictment for perjury, there should be at least one witness to the corpus delicti, or the falsity of the matter assigned as perjury, and that the testimony of such witness be corroborated, either by another witness, or by circumstantial evidence sufficiently strong to satisfy the jury beyond a reasonable doubt of the guilt of the accused.” The State of Ohio v. Courtright, 66 Ohio St., 35.
It therefore follows that before a conviction can be had in a prosecution under Section 13671, the prosecuting witness must be corroborated by another witness or by circumstantial evidence tending to connect the accused with the act of sexual intercourse with the female pupil, that being the corpus delicti of this kind of a prosecution, which corroborating proof together with the evidence of the female witness must be sufficiently strong to satisfy the jury beyond a reasonable doubt of the guilt of the accused. The court below, however, while advising the correct rule in said charge, proceeds to destroy its advice by adding the following, “and to prove some of the material facts testified to by I. M.”
Among the material facts testified to by I. M., the prosecuting witness in this case, were: *359 that the .defendant, on or about the first day of June was a male person above twenty-one years of age; that he was on said date a teacher in the public schools in Stark county; that on or about said date I. M. was a female under the instruction of the defendant as a teacher in the public schools in said county; and that the defendant, on or about said day, in Stark county, unlawfully and wilfully had sexual intercourse with said I. M., a female pupil under his instruction. Under the charge of the court as given, while the court probably did not so intend, the jury might well have understood that they would be warranted in convicting the defendant if they found that the prosecuting witness, I. M., was corroborated in any one of the several material facts other than the fact that he had unlawful intercourse with her, and thereby to convict upon a lesser degree of proof than provided by the statute. The charge was erroneous in that its addendum tended to confuse and mislead. An erroneous prejudicial charge given before argument is not cured by a correct instruction in the general charge.
The third assignment of error was the introduction of the affidavits signed and sworn to by M. M., in which affidavit she positively swears that the defendant had sexual intercourse with I. M., a subject of which the record discloses she had no personal or actual knowledge. The state was thereby able by indirection to get to the jury evidence which it could not have gotten to it by direct inquiry, and thus to corroborate the prosecuting witness as to the corpus delicti. The evi *360 dence was incompetent, first, because it was in the form of affidavits, second, because it was as to a matter of which the witness had no personal knowledge, and was therefore hearsay purely; and third, because it enabled the state to emphasize the testimony of M. M. by offering her testimony orally and then offering her testimony in writing.
True, it is urged here in argument by the state that the affidavits were admitted in evidence for the purpose of identifying the subject of conversation between the witness Speidel, M. M. and the accused, wherein the accused is claimed to have offered $500 to settle both the charge of bastardy and the charge of felony upon which he was being tried, and that the competency of that conversation depended upon whether the criminal charge was under discussion, and that the affidavits are the best evidence of what crime they charge. But it does not anywhere appear that the jury were informed that these affidavits were admitted for such purpose and no other, and even if they had been so directed the error would not have been cured, for the admission of incompetent evidence for the purpose of predicating competent testimony upon it, that the state’s case may be strengthened, has no more argument in its favor than has the admission of the incompetent evidence alone for the purpose of making the state’s case and proving the crime; and if the competent testimony must be predicated upon incompetent evidence then it too must be excluded.
The more revolting the crime and the more it shocks the public conscience the more important it *361 becomes that the court should carefully safeguard all the rights of the accused by the strict application of the rules of evidence which the collective thought and experience of jurists through the ages have evolved as tending in the greatest number of cases to insure exact justice, that the jury may not substitute public sentiment for legal proof.

Judgment reversed and cause remanded.

Nichols, C. J., Johnson and Donahue, JJ., concur.